IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

RANDALL E. FORD, )
    Plaintiff, )
 )
v. ) Case No. 26-cv-3004
 )
AMY L. JACKSON, et al., )
    Defendants. )

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Randall E. Ford, proceeding *pro se*, seeks to file suit against Defendants Amy L. Jackson, Marjorie A. Bryant, Thomas L. Veith, and the City of Jacksonville's Municipal Corporation.[1] The Court construes the allegations in the complaint to include the following claims: 1) deprivation of his property rights under 42 U.S.C. § 1982 (through 42 U.S.C. § 1983); 2) criminal conspiracy and deprivation of his rights under 18 U.S.C. §§ 241 and 242; 3) "Theft by Deceptive Practices;" 4) "Criminal Damage to Private Property Over $35,000;" 5) "Betraying the Common Trust;" and 6) RICO. (Doc. 1). The Court reviews the Complaint for merit under 28 U.S.C. § 1915(e)(2) based on Plaintiff's Application to Proceed in District Court without Prepaying Fees and Costs. (Doc. 2).

---

[1] According to the Complaint, Jackson is the "Adjudication Hearings Officer for the City of Jacksonville," Bryant is the "Property Maintenance Inspector for Jacksonville Code Enforcement," and Veith is the "Attorney for Jacksonville's Adjudication Hearings." Plaintiff also identified Bills Towing Company as a defendant on his template complaint form, but did not include it within the caption, and states only that the Company is liable because it "transported my building to the city dump, where it was set on fire, and burned with everything I owned stored inside." (Doc. 1. at 3).

I.    DISCUSSION

    A. *In Forma Pauperis* Petition

Plaintiff requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). He submitted an affidavit signed under penalty of perjury that demonstrates he is unable to pay the costs of proceeding in this action. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted.

    B. Legal Standard

A court may dismiss any claim that "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). When determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), the standard under Federal Rule of Civil Procedure 12(b)(6) applies. *Coleman v. Lab & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Applying that standard, the court accepts a complaint's factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient to state a claim. *See id.* at 651–52. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Roake v. Forest Preserve Dist. of Cook Cnty.*, 849 F.3d 342, 346 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### C. Analysis

Plaintiff has failed to allege sufficient factual content to state any claim to relief. *Iqbal*, 556 U.S. at 678; 28 U.S.C. § 1915(e)(2)(B)(ii). Based on the allegations, the City of Jacksonville demolished a "tinyhouse project" that Plaintiff built on his land. (Doc. 1 at 2). He alleges the City was in error to accuse him of being in violation of its Building Codes (presumably resulting in the demolition); that the City and the named defendants conspired against him; and that an "adjudication hearing" and other proceedings stemming from the demolition were wholly unfair. (Doc. 1 at 2–6). The Complaint's conclusory statements are not enough to state a claim on which relief may be granted. Therefore, dismissal is warranted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   CONCLUSION

For the reasons stated herein, the Petition for Leave to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED. Plaintiff's Complaint (Doc. 1) is Dismissed without Prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to file an amended complaint within 21 days from the entry of this Order. Failure to file an amended complaint within that time will result in dismissal of this case with prejudice.

ENTER: 1/14/2026

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE